May 2, 1910.

No. 5007.

(Court of Appeal, Parish of Orleans.)

## PIEDMONT TIN MINING COMPANY vs. SAM HEYMAN.

Carroll, Henderson & Carroll and H. G. McCall for plaintiff and appellee.

John Watt, L. A. Ducros for defendant and appellant.

DUFOUR, J.—In answer to this suit for the subscription price of shares of stock in the plaintiff company, the defendant urges that his subscription was obtained through the fraudulent misrepresentation by the com-

pany's agent, relied on by defendant, that Mr. Britten had subscribed for 500 shares.

The defendant swears positively that the misrepresentation was made, while the agent merely denies any recollection of the occurrence.

The question arises whether such statement is sufficient in law to avoid the contract.

We think not.

Fraud, as applied to contracts, is the cause of an error bearing on a material part of a contract, which may reasonably be presumed to have influenced the party in making it. There must be a design to obtain some unjust advantage to the one party or to cause an inconvenience and loss to the other, and if the deception causes neither inconvenience nor loss to the party alleging it, the contract will not be avoided.

### R. C. C., Art. 1847.

This record does not show any false statement as to the financial status of the company, the value of the stock, or any other material fact directly connected with the subject-matter of the contract.

The statement that Mr. Britten had bought stock is collateral and extrinsic, and bears no relation to the **character** of the investment about to be contracted, either as to **status** or value.

There is no proof that the stock is not worth the price paid for it, or that loss and inconvenience have been suffered by the defendant.

He cannot avoid his contract.

Judgment affirmed.

Godchaux, J., takes no part.

May 2, 1910.

Rehearing refused May 16, 1910.